IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JESSICA BURNSWORTH,<br><br>Plaintiff,<br><br>v.<br><br>WESTMORELAND COUNTY, *a Pennsylvania municipal corporation*, and LISA HARKINS, *as an individual*<br><br>Defendants. | Civil Action No. 19-650<br>Magistrate Judge Maureen P. Kelly<br><br>Re: ECF No. 11 |

## OPINION AND ORDER

**KELLY, Magistrate Judge**

Plaintiff Jessica Burnsworth ("Ms. Burnsworth") initiated this action against Defendants Westmoreland County and Lisa Harkins (collectively, "the County"), alleging that Defendants violated her First Amendment right of intimate association by terminating her employment in retaliation for her relationship to her mother.

Presently before the Court is a Motion to Dismiss filed on behalf of the County, ECF No. 11. For the following reasons, the Motion to Dismiss will be denied.

### I. FACTUAL AND PROCEDURAL BACKGROUND

Westmoreland County employed Ms. Burnsworth and her mother, each as a Nurse Aid at Westmoreland Manor, a county-operated nursing home.[1] On July 10, 2018, the County terminated Ms. Burnsworth's mother after a co-worker accused her of using illegal drugs in the workplace. In June 2018, Ms. Burnsworth had been advised that she was not clocking out properly for her

---

[1] In reviewing the Motion to Dismiss, the Court accepts as true all well-pleaded facts set forth in Ms. Burnsworth's Complaint. Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009).

lunch breaks. On the day after her mother was terminated, Ms. Burnsworth announced to co-workers that she had properly clocked out for lunch and could not be subject to discipline for a time infraction. That afternoon, Ms. Burnsworth was summoned to the Westmoreland Manor human resources office to speak with manager Defendant Lisa Harkins. Ms. Harkins stated that the co-worker who had reported Ms. Burnsworth's mother's drug use was fearful that Ms. Burnsworth would retaliate against her. Ms. Harkins stated that the mother-daughter relationship, coupled with a co-worker's fear of retaliation, presented a conflict of interest. Despite the absence of any verbal or written threats by Ms. Burnsworth regarding her mother's dismissal, Ms. Burnsworth was suspended. The following week, the County notified Ms. Burnsworth that her employment was terminated. Under these circumstances, Ms. Burnsworth alleges that the County violated her First Amendment rights by terminating her in retaliation solely due to familial affiliation. ECF No. 1 ¶ 32.

## II. STANDARD OF REVIEW

In assessing the sufficiency of the complaint pursuant to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must accept as true all material allegations in the complaint and all reasonable factual inferences must be viewed in the light most favorable to the plaintiff. Odd v. Malone, 538 F.3d 202, 205 (3d Cir. 2008). While a complaint does not need detailed factual allegations to survive the motion to dismiss, a complaint must provide more than labels and conclusions. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). A "formulaic recitation of the elements of a cause of action will not do." Id. (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)). "Factual allegations must be enough to raise a right to relief above the speculative level" and sufficient "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 555, 570.

2

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully.... Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 557).

In other words, at the motion to dismiss stage, a plaintiff is required to make "a showing' rather than a blanket assertion of an entitlement to relief." Phillips v. County of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element.'" Id. at 234, quoting Twombly, 550 U.S. at 556 n. 3.

To determine the sufficiency of a complaint, "a court ... must take three steps," that include (1) taking note of the elements a plaintiff must plead to state a claim; (2) identifying allegations that are merely legal conclusions "because they ... are not entitled to the assumption of truth;" and (3) assuming the veracity of all well-pleaded factual allegations and determining "whether they plausibly give rise to an entitlement to relief." Connelly v. Lane Constr. Corp., 809 F.3d 780, 787 (3d Cir. 2016) (quoting Iqbal, 556 U.S. at 675, 679). If the court finds, even after construing the complaint in the light most favorable to the plaintiff, that the plaintiff is not entitled to relief, the court can dismiss the claim. Fowler v. UPMC Shadyside, 578 F.3d at 210.

### III. DISCUSSION

"The First Amendment protects two types of association: expressive and intimate. Generally speaking, expressive association protects the ability of individuals to gather in order to pursue 'political, social, economic, educational, religious, and cultural ends.'" Schultz v. Wilson,

3

304 F. App'x 116, 120 (3d Cir. 2008), quoting Roberts v. United States, 468 U.S. 609, 622 (1985). "To come within the protection of expressive association, 'a group must engage in some sort of expression, whether it be public or private.'" Schultz, 304 F. App'x at 120, quoting Boy Scouts of Am. v. Dale, 530 U.S. 640, 648 (2000). In this instance, the allegations of the Complaint do not implicate expressive association. Instead, Ms. Burnsworth alleges the violation of her right to maintain an intimate relationship with her mother.

In Roberts v. United States, 468 U.S. 609 (1985), the United States Supreme Court recognized that certain intimate associations enjoy constitutional protection from interference by governments. The Supreme Court held that "[t]he Bill of Rights ... must afford the formation and preservation of certain kinds of highly personal relationships a substantial measure of sanctuary from unjustified interference by the State." Id. at 618. The Supreme Court identified family relationships as "exemplifying" the characteristics of such a protected relationship:

> [Families] are distinguished by such attributes as relative smallness, a high degree of selectivity in decisions to begin and maintain the affiliation, and seclusion from others in critical aspects of the relationship. As a general matter only relationships with these sorts of qualities are likely to reflect the considerations that have led to an understanding of freedom of association as an intrinsic element of personal liberty.

Id. at 619–20. A mother-daughter relationship falls within the small and selective family affiliation protected by the First Amendment.

In this case, the County appears to recognize the constitutional protection afforded this relationship but contends that Ms. Burnsworth "fails to establish any connection between her association with her mother and the resulting termination from her employment." ECF No. 12 at 2. Ms. Burnsworth responds that her Complaint plainly alleges that her termination occurred solely because of (and in retaliation for) Ms. Burnsworth's relationship with her mother. ECF No. 17 at 4 ("Plaintiff clearly pled that her suspension was a result of Plaintiff's mother's

4

termination."). The Court agrees that Ms. Burnworth has clearly alleged that the County's stated reason for her termination was her relationship with her mother. ECF No. 1 ¶¶ 20, 24, 25, 29.

To determine whether the County's termination violates Ms. Burnsworth's right to association, the Court "must identify the precise nature of the associational right in question, the extent to which the state action regulates that right, and thus the appropriate level of scrutiny under which to view that state action." Angstadt v. Midd-West School District, 377 F.3d 338, 343 (3d Cir. 2004). In this case, the associational right has been identified, and Ms. Burnsworth has alleged that her employment was terminated because of that association. Turning next to the level of scrutiny to be applied, the United States Court of Appeals for the Third Circuit has held that "state action that incidentally affects the parent-child relationship is subject to minimum scrutiny, requiring only that the action rationally advance a legitimate government interest." Id. at 344, citing Phila. Police & Fire Ass'n for Handicapped Children, Inc. v. City of Phila., 874 F.2d 156, 162-63 (3d Cir. 1989).

Under the rational basis standard, the plaintiff has the burden of overcoming the presumption of rationality. Id. Such an inquiry is fact based and, in this case, is premature given the argument advanced by the County for dismissal. That said, the Third Circuit has alluded to "the significance of the issues" implicated where a public officer was removed from his position "because of the conduct of a family member." Murray v. Silberstein, 882 F.2d 61, 67 (3d Cir. 1989). At this early stage of the litigation, it is prudent to permit the development of a record to determine whether the conduct alleged falls afoul of the First Amendment or occurred in pursuit of a legitimate government interest.

## IV. CONCLUSION

For the foregoing reasons, Defendants Motion to Dismiss is properly denied. Accordingly, the following Order is entered:

**ORDER**

AND NOW, this 3rd day of February, 2020, upon consideration of Defendants' Motion to Dismiss, ECF No. 11, and the briefs filed in support and in opposition thereto, and for the reasons set forth in the accompanying Opinion, IT IS HEREBY ORDERED that the Motion to Dismiss is DENIED.

IT IS FURTHER ORDERED that, pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, if the Plaintiff wishes to appeal from this Order she must do so within thirty (30) days by filing a notice of appeal as provided in Rule 3, Fed. R. App. P., with the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219.

MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

cc: All counsel of record by Notice of Electronic Filing